STEVENS et al. v. COLFAX BANK & TRUST CO.*

No. 4496.

Court of Appeal of Louisiana. Second Circuit.

June 5, 1933.

Joel L. Fletcher, of Colfax, for appellants.

Williams & Williams, of Colfax, for appellee.

MILLS, Judge.

Plaintiffs, Mrs. Gordy Pugh Stevens, Mrs. Camilla Pugh Hattaway, Mrs. Gussie Pugh Dees, and Mrs. Mattie Pugh Webb, four of the five children of Martha Raley Pugh, deceased wife of D. M. Pugh, bring this action against defendant bank to recover their interest in the sum of $305 deposited in said bank at the time of their mother's death September 17, 1930. They allege that the money was the separate property of their mother, that she died intestate, leaving no debts, and that they accept her succession purely and unconditionally. The fifth child, W. E. Pugh, does not join in the petition.

Defendant answers, admitting the allegations of death and relationship, and a deposit with it in the name of the deceased mother of plaintiffs, in the sum of $310.

Defendant alleges that it had no notice that said deposit was claimed to be the separate property of deceased, and that it justifiably presumed it to be community property; that, since the death of plaintiffs' mother, it has paid out of said deposit the sum of $164.79 upon presentation of a check signed Mrs. M. J. Pugh, by Dave Pugh, her husband; that this money was used to pay the funeral expenses of deceased; that it paid out the further sum of $115 upon presentation of a similar check, which sum went to pay for a tombstone for deceased; that above sums were paid out with the knowledge and consent of plaintiffs and without objection from them until the filing of this suit; that, if said deposit is found to be community property, plaintiffs have no standing in court at this time, whereas, if it is found to be separate property, the sums expended went to satisfy legal charges against the separate estate of deceased, was for their benefit, and therefore cannot be recovered by plaintiffs.

Plaintiffs appeal from a judgment of the lower court rejecting their demands.

The record shows that some eleven years prior to her death Mrs. Pugh inherited and deposited in defendant bank $110; that from time to time she deposited other sums derived from taking boarders in the matrimonial domicile; that sums drawn out by her before her death exceeded the amount of her inheritance; that the money inherited and the boarding money were mingled in the one deposit.

At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess are presumed common effects or gains. Article 2405 of the Revised Civil Code.

Where the heirs of the husband assert as against the widow a claim to money found among the assets of the decedent upon the ground that it belonged to him before marriage, the burden rests upon them to prove satisfactorily the identity of the money. Succession of Ferguson, 146 La. 1010, 84 So. 338; Manning v. Burke, 107 La. 456, 31 So. 862.

The money derived from taking boarders in the home was unquestionably community property.

*Rehearing denied July 15, 1933.

The separate property being mingled in confusion with the community property, and the common fund having been checked against by deceased in excess of the amount of the separate funds, plaintiffs have failed to discharge the burden imposed by the decision in the Ferguson Case.

Furthermore, funeral expenses up to the sum of $200 are a charge against the succession of the deceased, and rank as a first privilege against its assets. In this case the sum in excess of the separate property and less than the $200 was expended by the bank for funeral charges. Having been paid for the benefit of the estate, it cannot be recovered by the heirs.

The judgment appealed from is correct, and is accordingly affirmed.